LOUISIANA & TEXAS LUMBER CO. v. SOUTHERN PINE LUMBER CO. et al.

(Court of Civil Appeals of Texas. Galveston. May 7, 1912.)

1. INFANTS (§ 24*)—ADVERSE POSSESSION.

Where land of infants was in the continuous adverse possession of one and those claiming under him for 24 years, 10 of which were after the removal of the disability of infancy, title was acquired under the 10 years' statute of limitations which began to run against the infants on the removal of disability.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25; Dec. Dig. § 24.*]

2. INFANTS (§ 24*)—ADVERSE POSSESSION.

Where the agent of infants was in actual possession of land asserting an adverse claim, the fact that he received a third person's application to purchase a different tract of the

infants did not affect his right to perfect his title by limitations.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25; Dec. Dig. § 24.*]

3. ADVERSE POSSESSION (§ 31*)—HOSTILE TITLE—ACTS CONSTITUTING—NOTICE.

Where one in the possession of land of another sells it as his own, he asserts title in himself hostile to the owner's title, sufficient to ripen into title by limitation, though he has previously stated that he was not claiming the land, but desired to buy from the owner.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 128–133; Dec. Dig. § 31.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Action by the Louisiana & Texas Lumber Company against the Southern Pine Lumber Company, vouching in Womack Hutson and another on their warranties. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

Nunn & Nunn, of Crockett, for appellant. Adams & Young and Madden & Ellis, all of Crockett, for appellees.

REESE, J. The appellant, Louisiana & Texas Lumber Company, filed this suit in the district court of Houston county, Tex., on the 11th day of February, 1909, against the appellee Southern Pine Lumber Company in form of trespass to try title (and for damages) for the recovery of the title and possession of 180 acres of the Pedro Miranda one-third league survey of land situated in Houston county, Tex., and described same by field notes, and the appellee Southern Pine Lumber Company filed its first amended original answer in said cause February 25, 1910, consisting of general demurrer, general denial, plea of not guilty, pleas of 5 and 10 years' statutes of limitation, and, further, special plea and cross-action vouching in Womack Hutson and J. R. Bobbitt on their warranties.

The case was tried at the spring term of the district court of Houston county, Tex., before a jury, and judgment therein rendered for appellant, Louisiana & Texas Lumber Company, for an undivided interest of 20 acres of the tract of 180 acres sued for, and in favor of appellees Southern Pine Lumber Company and J. R. Bobbitt for the title and possession of the remaining 160 acres of said land to be surveyed off so as to include the improvements situated on said land. From the judgment, the plaintiff prosecutes this appeal.

The trial court instructed the jury that appellant had the record title to the land and was entitled to recover unless such right was defeated by appellee's defense of title under the statute of limitation of 10 years. To the plea of the statute of limitation appellant pleaded the disability of minority of its vendors Frost Thorn and Marcellita Thorn.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[1] The evidence is sufficient to authorize the following conclusions: The tract of 160 acres adjudged to appellee is a part of the Pedro Miranda one-third league. Appellant has a regular chain of title and is entitled to recover unless such right is defeated by appellee's limitation defense. In 1887 S. M. Young settled upon the 160 acres. He made improvements consisting of a cleared field, dwelling house, and other adjuncts of a home, and he continued to live upon, cultivate, use, and enjoy the premises continuously and without interruption, claiming the same adversely to all the world, until 1900, when he sold and conveyed the premises to William Bates, who continued such possession and claim of ownership without a break. The deed from Young to Bates contains the following recital: "Being our homestead survey of land, having (said) survey of land for a period of over twelve years successively and being in peaceable and adverse possession of same, cultivating, using and enjoying the same, and holding and claiming the same, having had such homestead survey of land surveyed by B. F. Duren, surveyor, about November 18, 1887. At said time we were living on, and at said time using and cultivating the same as our homestead and have continued to live on said land from November 18, 1887, up to and including the time we sold said land and premises to the said W. N. Bates, and in fact did not have our household goods moved when said W. N. Bates took possession and moved upon said land, which was the 15th day of October, 1899."

Bates and those claiming title under him by regular conveyances continued to occupy, cultivate, use, and enjoy the premises, claiming adversely, continuously, and without interruption up to the institution of this suit in 1909, a period of 24 years from the date of Young's first settlement. At the time of Young's first occupancy in 1887, the land belonged to Frost Thorn and his sister, Marcellita Thorn, then minors. Frost Thorn became of age in October, 1896. Marcellita Thorn married in April, May, or June, 1895.

There is no merit in appellant's first assignment of error that the court erred in refusing to grant its motion for a new trial on the ground that the verdict of the jury is contrary to the law and the evidence. Limitation began to run against Frost Thorn in October, 1896, upon his attaining his majority, and against Marcellita Thorn in April, May, or June, 1895, upon her marriage. According to the great weight and preponderance of the evidence appellee, and those under whom it holds title from this time, and indeed since 1887, were in continuous adverse possession, such possession being accompanied by every fact and circumstance necessary to support the statute of limitation of 10 years.

[2] The evidence authorizes the conclusion that, at the time Taylor Young, son of S. M. Young, signed the application to purchase 75 acres of the Miranda survey from the agent of the Thorns, S. M. Young was in actual possession of the land here claimed, asserting his adverse claim, and that the 75 acres referred to in Taylor Young's application was a different tract to which he was himself endeavoring to perfect a limitation title. This application had no effect whatever on S. M. Young's adverse claim and possession. The court did not err in so qualifying the charge requested by appellant as to the effect of this application to purchase of Taylor Young as to protect the right of S. M. Young if the jury found that he was in actual possession and asserting his claim to the 160 acres sued for at the time Taylor Young signed the application. The second assignment of error presenting appellant's objection to the court's qualification of this requested charge has no merit.

[3] S. M. Young's continued open and notorious possession and claim of ownership from the date of the alleged statement to Davis, agent of the owners, alleged to have been made by Young in 1892, to the effect that he was not claiming the land, and wanted to buy from the owners, and his subsequent sale of the land as his own in 1900, were sufficient notice to the owners that if Young ever made such statement he repudiated it and was asserting title in himself, hostile to their title, and it was not necessary that he should have done more to bring to their notice his adverse claim. The charge requested by appellant, the refusal to give which is made the basis of the third assignment, would have been misleading, and it was not error to refuse it. The evidence shows beyond controversy that there was no change in Young's active claim of ownership after 1892 when he is alleged to have made the statement attributed to him. The assignment is overruled.

What we have said is sufficient to dispose of the fourth assignment of error, which is overruled. There is no merit in the appeal and the judgment is affirmed.

Affirmed.